**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TAQUESHA B. SMITH,**

    **Plaintiff,**

**v.**   Case No: 6:24-cv-2187-UAM

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This cause comes before the Court on Defendant's Unopposed Motion for Entry of Judgment with Remand ("Motion to Remand"). (Doc. 24). In the Motion to Remand, Defendant requests that the Court enter a judgment reversing and remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), indicating that on remand, an administrative law judge "will offer the claimant an opportunity for a supplemental hearing and issue a new decision." (*Id*. at pp. 1-2). Defendant represents to the Court that Plaintiff's counsel does not object to the relief requested (*id*. at p. 2), and such a disposition is clearly within the Court's authority, *see Shalala v. Schaefer*, 509 U.S. 292 (1993).

Pursuant to 42 U.S.C. § 405(g) of the Social Security Act, the Court has the authority to enter a judgment reversing the decision of the Commissioner with or without remanding the cause for a rehearing. *See* 42 U.S.C. § 405(g);[1] *Shalala*, 509 U.S. at 296-302. The failure of

---

[1] Section 405(g) provides, in pertinent part, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *See id*.

the ALJ to develop the record constitutes sufficient grounds for remand. *See Brissette v. Heckler*, 730 F.2d 548, 549-50 (8th Cir. 1984), *appeal after remand*, 613 F. Supp. 722 (E.D. Mo. 1985), *aff'd in part, rev'd in part*, 784 F.2d 864 (8th Cir. 1986). Where the court cannot discern the basis for the Commissioner's decision, a sentence four remand may be appropriate to allow him to explain the basis for his decision. *See Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (finding that remand was appropriate to allow the ALJ to explain the basis for his determination that the claimant's depression did not significantly affect her ability to work). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider the psychiatric report tendered to the Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (determining that the ALJ on remand should consider the need for an orthopedic evaluation).

Upon review of the record and filings, the undersigned agrees with the parties that it is appropriate to remand this matter to the Commissioner.

Accordingly, it is **ORDERED** that:

(1) Defendant's Unopposed Motion for Entry of Judgment with Remand (Doc. 24) is **GRANTED**.

(2) This action is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[2] to the Commissioner for further administrative proceedings.

(3) The Clerk of the Court is directed to enter judgment accordingly and close the file.

---

[2] Remand pursuant to sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and terminates this Court's jurisdiction over this matter. *See Shalala*, 509 U.S. at 296-302.

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on May 30, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties