UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TAQUESHA B. SMITH,**

    **Plaintiff,**

v.                                                     Case No: 6:24-cv-2187-UAM

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

___

## ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA) Pursuant to 28 U.S.C.A. § 2412(d) ("Motion for Attorney's Fees"). (Doc. 28). Plaintiff represents that Defendant has no objection to the relief sought. (*Id.* at p. 5).

In this case, on May 30, 2025, the Court reversed and remanded this action to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 25). On June 3, 2025, the Clerk of Court entered judgment. (Doc. 26). On June 4, 2025, Plaintiff filed the instant Motion for Attorney's Fees, moving for an award of $9,200.00[1] in attorney's fees under the EAJA, and included a schedule of hours confirming her attorney's time spent on the representation (36.8 hours total). (Doc. 28 at pp. 1-2, 5).

Under the EAJA, for a claimant to receive an attorney fee award, the following five conditions must be met: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant

___

[1] Plaintiff proceeded in forma pauperis (Doc. 9) and, thus, did not incur costs.

filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. *See* 28 U.S.C. § 2412(d). Upon review of the Motion for Attorney's Fees, and with no opposition, the Court finds that all conditions have been met.

EAJA fees are determined under the "lodestar" method—i.e., the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *See City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). Plaintiff's attorney spent 36.8 hours on the representation. (Doc. 28 at pp. 1-2). After review of Plaintiff's attorney's time records and the services provided, the Court finds that the 36.8 hours expended by counsel are reasonable.

Furthermore, the amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. *See* 28 U.S.C. § 2412(d)(2)(A). To determine the appropriate hourly rate, the Court first ascertains the prevailing market rate, then, if the prevailing rate exceeds $125 per hour, the Court determines whether to adjust the hourly rate. *See Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). Plaintiff requests an hourly rate of $250.00. Upon review, the Court finds that this rate appears reasonable and will award a fee based on Plaintiff's counsel's proposed hourly rate of $250.00.

Plaintiff acknowledges that after awarding EAJA fees, the Commissioner will determine whether she owes a federal debt to the Government. (Doc. 28 at pp. 1, 5). If no debt is owed, the Government will accept Plaintiff's assignment of EAJA fees, and the fees will be paid directly to counsel. Thus, the fees awarded should be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that Plaintiff does not owe a federal debt.

Accordingly, upon due consideration, Plaintiff's Unopposed Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA) Pursuant to 28 U.S.C.A. § 2412(d) (Doc. 28) is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$9,200.00**. The payment of fees is authorized directly to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the Government.

**DONE** and **ORDERED** in Ocala, Florida on June 11, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties